**UNITED STATES of America**
v.
**Johnnie Lee SINK.**
**Crim. No. 72–475.**

United States District Court,
E. D. Pennsylvania.

March 12, 1973.

See also, D.C., 56 F.R.D. 365.

Raymond E. Makowski, Sp. Atty., Philadelphia Strike Force, Philadelphia, Pa., for plaintiff.

Lester J. Schaffer, Zink, Owens & Shinehouse, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

The defendant, Johnnie Lee Sink, was charged in a four count indictment with violations of 29 U.S.C. § 186(b)(1) and (d). He was convicted by a jury on three counts and acquitted on one count. A motion for a judgment of acquittal, or in the alternative, for a new trial has been filed.

Count I charged that the defendant, President of a local labor union, "being a representative of the employees of certain companies in the building services industry," accepted payment of a hotel bill in Miami, Florida, by MacClean Service Company, Inc.

Count II charged that the defendant "being a representative of the employees of Real Estate Maintenance, Inc." accepted payment of a hotel bill in Grand Bahama Island and payment of airline fare to and from the Island by Real Estate Maintenance, Inc.

Count IV charged that the defendant "being a representative of the employees of Temco Building Maintenance, Inc." accepted payment of a hotel bill in Freeport, Grand Bahamas, and payment of airline fare to and from said island by Temco Building Maintenance, Inc. De-

fendant was acquitted on Count III, involving alleged free use of an automobile supplied by Temco Building Maintenance, Inc.

Defendant did not, and does not now, dispute the fact that the trips were made and paid for as alleged in the indictment (Defendant's Brief, p. 3), but rather raises four contentions with regard to the significance of the evidence and certain alleged trial errors.

Defendant contends that the motions to dismiss the indictment filed immediately prior to trial should have been granted on the authority of United States v. Donovan, 339 F.2d 404 (7th Cir. 1964), cert. denied, 380 U.S. 975, 85 S.Ct. 1338, 14 L.Ed.2d 271 (1965). *Donovan* held that the indictment in a prosecution brought under 29 U.S.C. § 186(b)(1) must specify whether the defendant is being charged as a representative of the employer's employees (§ 186(a)(1)), or as an officer or employee of a union which represents, seeks to represent, or would admit to membership any of the employer's employees (§ 186(a)(2)), or as an officer or employee of any labor union being sought to be bribed (§ 186(a)(4)).

As the defendant candidly admits, *Donovan* has been questioned. *See* United States v. Fisher, 387 F.2d 165, 169 (2nd Cir. 1967), cert. denied, 390 U.S. 953, 88 S.Ct. 1047, 19 L.Ed.2d 1146 (1968). It is clear from this indictment that the defendant was given sufficient notice of the charges against him. A similar contention was raised and rejected in United States v. Ricciardi, 357 F. 2d 91, 99 (2nd Cir.), cert. denied, 384 U.S. 942, 86 S.Ct. 1464, 16 L.Ed.2d 540 (1966):

Even if we were to follow Donovan, however, this case seems distinguishable, since the indictment made clear that it was directed at Unger's receipt of money in his capacity as a representative of employees. The indictment reads " * * * the defendant, a representative of employees who were employed in an industry affect-

ing commerce, to-wit, Secretary-Treasurer, Local 32–E * * *." The "to-wit" indicates that Unger's union office was alleged only to specify the way in which Unger was a representative of the employees.

The four counts of the present indictment are equivalent. Each count charges that the defendant, "Johnnie Lee Sink, President of Building Service Employees International Union Local 69, being a representative of the employees . . . ."[1] The indictment, together with the pretrial discovery that was permitted in this case, afforded defendant ample opportunity to be fully advised as to the charges against him.

The motion to dismiss the indictment was therefore properly denied.

■ Defendant next submits that in any event the motion to dismiss Count I of the indictment should have been granted. Defendant's theory is that the words "would admit to membership" (§ 186(a)(2)) are unconstitutionally vague in the context of the government's presentation and the instructions given to the jury by the court. To be constitutionally sustainable, defendant suggests, the words must be qualified by "if requested to do so." Any other construction, under the defendant's theory, would be to uphold punishment for a crime which has not yet occurred.

The evil which the statute sought to prevent is obvious. It prohibited, with certain exceptions, payments by an employer to the labor union representatives of the employer's labor force. The statute recognized a similar, and possibly greater danger, in comparable situations where the laborers would be unionized in the future. Therefore, the statute prohibited payments by employers to labor union representatives of unions that "would admit to membership, any employees of such employer." (§ 186(a)(2)).

■ Based on the evidence, the jury could have found as follows: MacClean Service Company, Inc., a New York based corporation, engaged in the business of cleaning and servicing commercial buildings, was actively contemplating expanding into the Philadelphia area. The defendant was president of a Philadelphia local union that represented janitors, cleaning persons, and other employees who serviced commercial buildings in the Philadelphia area. The local union would accept as members of its union employees of MacClean Service Company, Inc., provided they were employed in the Philadelphia area and their trade involved cleaning and servicing of buildings. MacClean Service Company, Inc., paid for the defendant's stay at the Fountainbleau Hotel in Miami, Florida. These circumstances, if so found by the jury, would come squarely within the literal prohibitions of the statute, and would be the exact type of conduct which the statute sought to prevent by making such conduct a crime; and clearly would be within the constitutional powers of Congress. United States v. Lanni, 466 F.2d 1102, 1109 (3rd Cir. 1972).

The instructions to the jury on this phase of the case made it clear that the defendant could not be found guilty unless (1) the local union of which the defendant was president would admit to membership any of the employees of MacClean Service Company, Inc.; and (2) the defendant knew that such employees would be admitted to membership. The jury was advised that in determining whether the employees would be admitted to union membership they should consider the requirements for admission (N.T. 4–34, 35). It was further explained that the phrase "would admit to membership" meant a present intention of the employees to apply for union membership or a present intention of MacClean Service Company to come into the Philadelphia area and employ labor-

---

1. There are slight variations. Counts I and II read as above stated; Counts III and IV delete "Union".

ers who would and could be admitted to the local union. (N.T. 4–38). As so restricted by the instructions, the term "would admit to membership" was not unconstitutionally vague. The instructions on these issues were as follows:

Clearly, however, as to Count No. 1, the alleged employer, that is to say, MacClean Service Company, was not an employer at the time the transactions took place of any employees who were members of Local Union No. 69, or at least there is no evidence of that. MacClean Service Company was not an employer of any employees who were members of Local Union No. 69. That is to say that neither MacClean Service Company nor Henry Silbert nor Michael Rosen were at that time employers of any employed persons who were represented by the defendant. Consequently, any payment or lending or delivery of any other thing of value by MacClean Service Company, Inc., or a representative or agent for MacClean Service Company, to the defendant, would not constitute a payment, loan or delivery to a representative of any employees of MacClean Service Company, as neither Local Union 69 nor the defendant represented at that time any MacClean employees.

Therefore, you would have to consider the question as to whether or not the defendant at that time was an officer or an employee of a labor organization, namely, Local Union 69, that would admit to membership any of the employees of MacClean Service Company, Inc.

Unless you find beyond a reasonable doubt that Local Union No. 69 as to Count No. 1 would admit to membership any of the employees of MacClean Service Company, Inc., then regardless of any other conclusions or findings that you may reach, the defendant could not be guilty of the charges in Count No. 1.

This is true irrespective of the reason, if you find there was any reason,

for Mr. Silbert or the other gentlemen in making any payments or delivering to the defendant anything of value.

In determining the factual issue as to whether or not any employees of MacClean Service Company, Inc. would have been admitted to membership in Local Union No. 69, you should consider all of the circumstances surrounding requirements of admission to membership in the Union, and whether in fact any MacClean employees would have been admitted to membership in Local 69 if they had applied, and whether defendant knew this; for unless he did know at that time that MacClean Service Company employees would be admitted to membership, unless the defendant knew that, then regardless of any other findings you might make, he could not be found to be guilty of that offense. (N.T. 4–33, 34, 35).

\* \* \* \* \* \*

When we say "would admit to membership," that does not mean some indefinite, uncertain future, vague possibility. It means at the time the acts were performed and done that as of that time there was either a present intention for the employees of MacClean Service Company to apply for membership or that there was a present intention for MacClean Service Company to obtain work in the Philadelphia area and to employ employees that would and could be admitted to membership in Local No. 69. (N.T. 4–38).

The charge carefully limited the "time frame" and thereby may have been more beneficial to the defendant than required. Nonetheless, and although the evidence before the jury on this point was not overwhelming, there was a factual and sufficient basis on which the jury could and did find the defendant guilty on this count.

Defendant's third contention is that the court erred in refusing to instruct the jury as requested by the defendant

on willfulness and also in instructing the jury as it did.

█ Defendant's requested instruction was substantially the same as the charge rejected by the Third Circuit in United States v. Lanni, *supra*, at 1110, and the charge given was substantially the same as the charge approved by the Third Circuit Court in *Lanni*. (*Id.*) Whether defendant's charge would be proper under any other set of circumstances is not the issue. The central focus should be on the propriety of the charge actually given, and that charge, under the testimony produced at trial, was within the confines of the *Lanni* decision.

█ Defendant next contends that the prosecution did not prove guilt beyond a reasonable doubt as to Counts II and IV—involving the paid visits to the Bahamas. Defendant suggests that the government witnesses themselves established defendant's theory that these trips were gratuitous services on his part in an attempt to aid the employers in acquiring new business. This issue was clearly for a jury to determine. The jury was carefully charged on this point as follows:

I would point out to you that the statute under which the defendant is here charged does not make it an offense for the defendant to gratuitously perform a service for the employer. That means that if in fact the defendant made any of these trips to the Bahamas, either of the two trips that are charged, and in so doing he was performing a service for an employer who employs persons that were members of his union, and for which service he was to be paid nothing and re-

ceived nothing of value, then he would not be guilty of the offense charged. And in that connection if all he received was reimbursement for his expenses, he would not have received anything of value.

On the other hand, if, although he was performing some services for the employer, he at the same time did receive something of value—and you should find that beyond a reasonable doubt—then the mere fact that he was also at the same time performing services for the employer would not justify on that count alone a finding of not guilty. (N.T. 4–41f.).

It is evident from the verdict, therefore, that the jurors found that the defendant had received more than mere reimbursement for expenses incurred in rendering a gratuitous service; that is to say, they found that the defendant did in fact receive a "thing of value" by these expense paid trips.[2]

█ Finally, defendant contends that the court erred in refusing to permit representatives of the employer companies, including at least one lawyer, to testify that in their opinion, they did not consider that what the employers were doing constituted a violation of the statute. Defendant takes the position that this should have been admitted to negate "willfulness" on the part of defendant. The statute is "malum prohibitum," and "bad purpose" is not required. United States v. Lanni, *supra*, at 1110. In any event opinions by others as to what conduct constituted a violation of the statute would be improper.

Defendant's motion for a judgment of acquittal or, in the alternative, a new trial will be denied.

---

2. The jury's verdict of "not guilty" on Count III involving free use of an automobile, which defendant claimed was only an "exchange" indicates that, with respect to that count, a "thing of value" was not found to have been received. This would indicate a clear understanding of the legal and factual issues and a careful distinction upon deliberation by the jurors.